UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MASSIEL PAJAN,

    Plaintiff,

v.   Case No. 8:25-cv-03063-CEH-AEP

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff Massiel Pajan's Motion to Strike Defendant's First Affirmative Defense (Doc. 17) and Defendant Westchester Surplus Lines Insurance Company's response (Doc. 18). By the Motion, Plaintiff requests the Court strike Defendant's First Affirmative Defense of failure to comply with contractual post-loss obligations. For the following reasons, the undersigned recommends Plaintiff's Motion be DENIED.

**I.   Background**

Plaintiff insured a commercial property with Defendant and reported a claim for damage to the property allegedly caused by Hurricane Milton (Doc. 18, at 1). Defendant denied coverage for the loss (Doc. 1-1, ¶ 16). Plaintiff sued the Defendant for breach of contract (Doc. 1-1). In its Answer and Affirmative Defenses (Doc. 16), Defendant alleged Plaintiff failed to comply with her contractual post-loss

obligation to timely notify Defendant of the property damage by waiting over six months to report the claim, prejudicing Defendant's investigation of the claim (Doc. 16, at 4–5). In its letter denying coverage, Defendant explains that "the policy specifically excludes coverage for loss or damage caused by wear and tear, deterioration, continuous or repeated seepage or leakage of water, deferred maintenance and/or pre-existing damage" (Doc. 17-1, at 6). The letter also notified Plaintiff of the following:

> Please also be advised you have a duty under your policy to provide prompt notice of the loss or damage, show the damaged property, provide any documentation requested and cooperate with the overall investigation. As you reported the loss over six (6) months after the supposed date of loss and after materially altering the condition of the property, Chubb's investigation may have been prejudiced by your actions.

(Doc. 17-1, at 6).

## II. Legal Standard

A court may, on its own or by motion made by a party, strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Though courts maintain broad discretion in ruling on motions to strike, "such motions are disfavored due to their draconian nature." *126th Ave. Landfill, Inc. v. Pinellas Cty., Fla.*, No. 8:09-cv-307-T-33TBM, 2010 WL 3245309, at *1 (M.D. Fla. Aug. 17, 2010) (citation omitted); *see Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Indeed, a motion to strike will usually be denied unless the allegations bear no possible relation to the controversy and could cause prejudice to one of the parties. *Harvey v. Home Depot*

*U.S.A., Inc.*, No. 8:05-CV-936-T-24EAJ, 2005 WL 1421170, at *1 (M.D. Fla. June 17, 2005) (citations omitted).

Additionally, courts will only strike an affirmative defense if the defense is "insufficient as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (quoting *Anchor Hocking Corp.*, 419 F. Supp. at 1000). An affirmative defense is deemed insufficient as a matter of law if (1) on the face of the pleadings, the affirmative defense is patently frivolous; or (2) the affirmative defense is clearly invalid as a matter of law. *Microsoft Corp.*, 211 F.R.D. at 683. To the extent that a defense puts into issue relevant and substantial legal and factual questions, such a defense is sufficient and may survive a motion to strike, especially where no showing of prejudice to the movant exists. *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *1 (M.D. Fla. Mar. 27, 2014) (citation omitted). Moreover, even deficient defenses that raise such legal and factual issues may survive a motion to strike. *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-cv-1745-T-30MAP, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015) (citing *Muschong*, 2014 WL 1268574, at *1).

**III.     Discussion**

Plaintiff argues that Defendant's First Affirmative Defense is barred as a matter of law because an insurer that denies coverage waives the right to insist on compliance with post-loss obligations (Doc. 17, at 1–2). Plaintiff characterizes Defendant's First Affirmative Defense as an improper "attempt to raise new

grounds not originally identified in the claim decision" (Doc. 17, at 3). Defendant counters that it did not waive the defense because its coverage determination letter expressly indicated that the coverage decision was based on Plaintiff's noncompliance (Doc. 18, at 3). The undersigned agrees with Defendant and finds the First Affirmative Defense is not due to be stricken.

Defendant's First Affirmative Defense is not "insufficient as a matter of law." *Microsoft Corp.*, 211 F.R.D. at 683. The defense, on its face, raises relevant and substantial legal and factual questions regarding whether Plaintiff failed to provide timely notice of the loss and whether Defendant is obligated to cover the loss. The coverage letter's "Summary of Coverage Position" clearly states that the loss or damage was caused by "wear and tear, deterioration, continuous or repeated seepage or leakage of water, deferred maintenance and/or pre-existing damage" (Doc. 17-1, at 6). The letter then goes on to say that Plaintiff's delay in reporting the loss "over six (6) months after the supposed date of loss and after materially altering the condition of the property" may have prejudiced Defendant's investigation of the claim (Doc. 17-1, at 6). In the paragraph after the policy exclusions and duty to provide prompt notice are explained, Defendant states that it is denying coverage for the claim "[f]or these reasons stated" (Doc. 17-1, at 6).

Even when an insurer fails to "raise the issue of notice in its coverage letter," it may preserve the defense by "timely and properly rais[ing] the defense early in the litigation." *Sec. First Ins. Co. v. Visca*, 387 So. 3d 313, 317 (Fla. 4th DCA 2024). Here, Defendant raised the issue in both its coverage letter and its first pleading.

Plaintiff's motion feigns surprise at Defendant's inclusion of this affirmative defense despite ample notice that it was a basis for denying the claim and was raised again early in the litigation. To that end, Plaintiff fails to explain how allowing the defense to remain in Defendant's pleading causes any prejudice to Plaintiff.

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Motion to Strike Defendant's First Affirmative Defense (Doc. 17) be DENIED.

IT IS SO REPORTED in Tampa, Florida, this 26th day of December 2025.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:     Hon. Charlene Edwards Honeywell
        Counsel of Record